# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION** |
| | § | **NO. 2:18-cv-00211-D-BR** |
| v. | § | |
| | § | |
| UNITED RENTALS | § | |
| (NORTH AMERICA), INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF, ALBERTO OVALLE'S, OMNIBUS MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to this Court's order, *see* Rec. Doc. 18, Plaintiff, Alberto Ovalle, files this Omnibus Motion in Limine, and will respectfully shows the Court as follows:

### I. INTRODUCTION

This non-subscriber case arises from an on-the-job injury sustained by Plaintiff while he was working as an employee of Defendant United Rentals (North America), Inc. ("Defendant"). Specifically, on March 28, 2017, Plaintiff was walking through a facility owned and/or otherwise controlled by Defendant, and due to the poor conditions of the facility—namely, unexpected water on the floor with no trip/slip protection and improper lighting—slipped and fell, causing severe and lasting injuries to his lower back. Defendant required Plaintiff to enter a door to the facility that had no light switch, and, on information and belief, the water on the floor was due to leaking from the roof, seepage from the outside, and/or a failure to maintain and clean the facility. The water on the floor, the positioning of the light switch, and the policy of requiring rendered the workplace unreasonably safe, all of which was known or constructively known by UR.

## II. ARGUMENT & AUTHORITIES

**A.    This Court Should Exclude All Evidence, Argument, Or Reference to the Following Matters at Trial.**

For the reasons that follow, the Court should order that (i) the following matters are excluded from trial, (ii) the defendants' attorneys and any and all witnesses called for the defendants, must refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this motion; and (iii) the defendants' attorneys must instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this motion in the presence of the jury, and (iv) if Defendants intend to raise these matters, they must first obtain permission from this Court outside the presence of the jury.

**1.    Evidence, Argument, or Reference to Any Past Medical Treatment Predating the Incident or that Plaintiff's Injuries are Preexisting.**

This Court should further exclude any evidence of Plaintiffs' preexisting medical treatment and records relating to any such treatment.  No competent, timely disclosed evidence from Defendant exists that any of Plaintiffs' injuries claimed from the incident in question preexisted the incident.  Therefore, admitting evidence of past medical treatment is irrelevant, and, any small modicum of relevance would be outweighed by the potential for unfair prejudice or confusion of the issues.  Additionally, admitting such past medical treatment invokes privacy concerns.  The Court should therefore exclude all such evidence from trial.[1]

**2.    Evidence, Argument, or Reference to Any Collateral Source.**

It is well-settled that "[e]vidence that the injured party received benefits from a collateral source is inadmissible under the rules of relevancy."  *Glob. Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202 (5th Cir. 1995).  The Court should apply the collateral source rule and prevent

---

[1] *See, e.g.*, *Reyes v. Wal-Mart Stores, Inc.*, No. 98-3626, 1999 U.S. Dist. LEXIS 12087, at *2, 1999 WL 562721 (E.D. La. July 29, 1999) (granting motion in limine to exclude all unrelated prior medical records).

Defendants, their attorneys, and their witnesses from mentioning or referring to the following evidence that shows or touches upon the fact that Shoulder has received or may be able to obtain benefits from a collateral source:

- Government medical benefits (e.g., Medicare/Medicaid), welfare benefits and/or social security disability benefits, *see, e.g.*, *Reyes v. Wal-Mart Stores, Inc.*, No. 98-3626, 1999 U.S. Dist. LEXIS 12087, at *2, 1999 WL 562721 (E.D. La. July 29, 1999) (granting motion in limine to exclude all collateral benefits, including from Medicaid);
- Private health insurance;
- Private disability insurance;
- Any gratuitously provided healthcare, *see, e.g.*, *Ft. Worth v. Barlow*, 313 S.W.2d 906, 911 (Tex. Civ. App.—Fort Worth 1958, no writ) ("The defendant is not relieved from his duty of paying for the necessary and reasonable expense of medical attention although the services have been gratuitously rendered.");
- benefits of any kind from any other collateral sources.

**3.      Evidence, Argument, or Reference to Plaintiff's Alleged Failure to Mitigate Damages.**

This Court should exclude all evidence, argument, or reference to Plaintiff's alleged failure to mitigate his damages.  Defendants have alleged, as an affirmative defense, that "Plaintiff failed to mitigate his damages."  *See* Dkt. 9 ¶ 20.  The mitigation of damages doctrine only applies when there is evidence of negligence on the part of a plaintiff in (1) not consulting a doctor; (2) not consulting a doctor as soon as a reasonable person would; (3) not following a doctor's advice; or (4) not properly caring for and treating injuries that do not require the attention of a doctor.  *See Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 448 (Tex. 1967).  "[T]he party who caused the loss bears the burden of proving lack of diligence on the part of the plaintiff, and the amount by which the damages were increased by the failure to mitigate."  *Id.*  Defendant has not timely disclosed any competent evidence or expert testimony (1) that Plaintiff failed to mitigate his damages or (2) as to the amount by which Plaintiff's damages were supposedly increased by an alleged failure to mitigate.

4.     **Evidence, Argument, or Reference to the Time and Circumstances Under Which Plaintiffs Employed An Attorney.**

This Court should exclude all evidence, argument, or reference to the time and circumstances under which the Plaintiff employed an attorney. This is irrelevant, and any relevance is vastly outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues.[2]

5.     **Evidence, Argument, or Reference to Any Surveillance Evidence.**

Plaintiffs have long requested all surveillance evidence of them in Defendants' possession, custody, or control. And Defendants have an affirmative obligation to timely produce relevant evidence that may be used at trial. *See generally* FED. R. CIV. P. 26. Defendants have not produced any surveillance evidence. Therefore, this Court should exclude any surveillance evidence that has not been produced, to the extent it exists or will exist, from trial.[3]

6.     **Evidence, Argument, or Reference to Any Documents or Tangible Things not Timely Produced in Discovery.**

The Court should exclude any evidence of or reference to documents or tangible things or the contents of documents or tangible things that have not been timely produced in discovery. *See* FED. R. CIV. P. 26.

7.     **Evidence, Argument, or Reference to Any Other Lawsuits, Legal or Insurance Claims, and Other Legal Proceedings of Plaintiff.**

The Court should exclude any evidence of or reference to other unrelated lawsuits, legal or Insurance Claims, and other legal proceedings of Plaintiff. Such evidence is irrelevant and any

---

[2] *See* FED. R. EVID. 401, 402, 403; *Houston & TCRR v. Johnson*, 127 S.W.2d 539 (Tex. 1910); *Southern Truck Leasing Co. v. Manicri*, 325 S.W.2d 912 (Tex. Civ. App. – Houston 1959, writ ref'd n.r.e.); *Martinez v. Williams*, 312 S.W.2d 742 (Tex. Civ. App. – Houston, 1958, no writ).

[3] *See* FED. R. CIV. P. 26(a)(1), 37(c)(1); *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517–18 (5th Cir. 1993) (finding reversible error where trial court admitted previously undisclosed surveillance evidence at trial); *Campbell v. Chet Morrison Contractors, LLC*, No. CIV.A. 11-1358, 2012 WL 3028079, at *7 (W.D. La. July 24, 2012).

relevance is vastly outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues. *See* FED. R. EVID. 401, 402, 403, 404, 608; *Fick v. Exxon Mobil Corp.*, No. 13-6608, 2017 U.S. Dist. LEXIS 2544, *3 (E.D. La. Jan. 5, 2017). Further, to the extent Defendants seek to use this evidence, if any, such would be improper impeachment on a collateral matter. *See Jones v. Southern P. RR.*, 962 F.2d 447, 450 (5th Cir. 1992) ("There is no right to impeach a witness with respect to collateral or irrelevant matters[.]")

### 8.    Evidence, Argument, or Reference to Any Criminal Convictions or Criminal Conduct

Federal Rule of Evidence 609 sets forth the framework for impeachment by evidence of a criminal conviction of a felony. FED. R. EVID. 609. The Rule thus permits an opposing party, for purposes of impeachment only, to "identify the particular felony charge, the date, and the disposition of a prior conviction."

This Court should exclude all evidence of criminal convictions or criminal conduct by Plaintiffs from the trial of this case. First, no written notice of intent to admit evidence of criminal convictions has been provided to Plaintiffs under Rule 609. Second, any convictions are not relevant to any fact or legal issue in this case. No one has alleged that such conviction had any causal nexus to the crash in question. And this evidence will no doubt be unduly prejudicial to Plaintiffs. *See* FED. R. EVID. 401, 402, 403.

### 9.    Evidence, Argument, or Reference to Improper Character Evidence.

Rule of Evidence 404(b)(1), entitled "Crimes, Wrongs, or Other Acts," provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This rule "embodies the well-settled principle that evidence of a person's character is usually not admissible for the purpose of proving that the person acted in conformity

with his character on a particular occasion." *Reyes v. Mo. Pac. R.R. Co.*, 589 F.2d 791, 793 (5th Cir. 1979). "If the evidence is introduced for the purpose of showing that a person acted in accordance with his character on a given occasion, then the evidence is inadmissible unless it falls within one of the exceptions noted in Rule 404." *Id.* To apply Rule 404, "[t]he Court must first determine whether the other acts evidence is relevant to an issue other than the party's character." *Thomas v. Kent*, 2009 WL 2150890, at *1 (W.D. La. July 15, 2009). "Then, the Court must engage in a Rule 403 analysis to decide whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice to the party." *Id.*

The Court should exclude all evidence of "Crimes, Wrongs, or Other Acts" regarding Corday Shoulder from the trial of this case. No known evidence covered by Rule 404(b) in this record is relevant to the claims at issue, other than perhaps as a mechanism try to demonstrate the plaintiff's character and action in conformity therewith. Further, to the extent any such evidence has any modicum of probative weight on a relevant, substantive issue, such value is substantially outweighed by the danger of unfair prejudice. Plaintiffs cannot anticipate each specific crime, wrong, or other act that Defendants may attempt to introduce at trial. However, as of this motion, Plaintiffs contend that such known, impermissible evidence under Rule 404(b) includes, but is not limited to, the following:

- Any specific references to past incidents of crimes, wrongs, or other acts contained in employment and medical records pre-dating the incident giving rise to this suit; and
- Any specific references to past incidents of crimes, wrongs, or other acts contained on social media accounts of Plaintiffs, if any.

This Court should exclude this and all other impermissible evidence of crimes, wrongs, or other acts involving Plaintiffs under Rule 404(b), and, alternatively, Rule 403. *See Thomas*, 2009 WL 2150890, at *1. Alternatively, at a minimum, the Court should require Defendants to approach

the bench prior to admission of any such evidence and/or lay a substantial foundation for such

evidence outside the presence of the jury.

### 10. Evidence, Argument, or Reference to Attorney's Fees, Attorney Compensation, and the Like

This Court should exclude all evidence, argument, or reference to attorney's fees of

plaintiff's attorneys or other compensation of Plaintiffs' attorneys.  Such evidence is irrelevant and

any relevance is vastly outweighed by the danger of unfair prejudice, misleading the jury, and

confusing the issues.  *See* FED. R. EVID. 401, 402, 403.

### 11. Evidence, Argument, or Reference to Plaintiff Getting "Rich," to the "Litigation Lottery," "Jackpot Justice," or Similar Inflammatory or Suggestive Phrases Regarding Lawsuit Recovery.

This Court should exclude all evidence, argument, or reference to plaintiff "getting rich,"

to the "litigation lottery," to "jackpot justice" or similar inflammatory or suggestive phrases

potentially used by Defendant to suggest the effect of the jury's answers and to otherwise suggest

that Plaintiffs have wrongful intent to make "profit" from recovering damages in the case.  Such

evidence is irrelevant and any relevance is vastly outweighed by the danger of unfair prejudice,

misleading the jury, and confusing the issues.  *See* FED. R. EVID. 401, 402, 403.

### 12. Evidence, Argument, or Reference that Defendant is Entitled to a Credit or Offset for Plaintiff's Medical Expenses or Damages.

This Court should exclude all evidence, argument, or reference that Defendant is allegedly

entitled to a credit or offset.  *See* Dkt. 9 ¶ 16.  Defendants have not timely disclosed any competent

evidence supporting any such theory, *see* FED. R. CIV. P. 26, and this would violate the collateral

source rule in any event.  Without waiving these threshold arguments, Plaintiff further contends

that any offsets or credits may be adjudicated by the Court in the judgment phase, and thus this

issue need not be submitted to the jury.  Finally, the relevance of any such evidence is outweighed

by the danger of unfair prejudice, misleading the jury, and confusing the issues. *See* FED. R. EVID. 401, 402, 403.

13.    **Evidence, Argument, or Reference that Plaintiff's Damages were Caused by or in Any Way Contributed to By Unrelated Medical Conditions.**

This Court should exclude all evidence, argument, or reference that Plaintiff's damages were caused by or in any way contributed to by Plaintiff's unrelated medical conditions. In his deposition, Plaintiff was questioned extensively about a variety of unrelated medical conditions, such as his prior diagnoses of leukemia and throat cancer, a prior neck surgery, and his use of a CPAP machine for sleeping. Defendants may attempt to conflate these medical conditions with the injuries he suffered as a result of the incident made the basis of this suit. Defendants have not timely disclosed any competent evidence supporting such a theory. And this evidence/argument is otherwise irrelevant and any relevance is vastly outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues. *See* FED. R. EVID. 401, 402, 403.

B.    **The Court Should Prohibit The Defendants From Mentioning Any Of These Matters Without First Asking.**

Finally, insofar as these matters are inadmissible and prejudicial, the defendants should be prohibited in all circumstances from referencing or offering evidence on these matters without prior court approval. That is, should the defendants conclude that any matter covered by this motion in limine or any other inadmissible matter (such as privileged communications) have become fair game because the plaintiffs "opened the door," the defendants should be required first to obtain a favorable ruling from the Court outside the presence and hearing of the actual and/or prospective juror members.

### III. CONCLUSION & PRAYER

For these reasons, the Court should grant Plaintiff's motion in limine in full. Alternatively, the Court should grant this motion in part as to each addressed matter that the Court finds meritorious. Finally, Plaintiff asks for all other relief to which he may be entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Kevin C. Haynes*
      JIM S. HART
      Texas Bar No. 09147400
      KEVIN C. HAYNES
      Texas Bar No.  24055639
      CESAR TAVARES
      State Bar No. 24093726
      8441 Gulf Freeway, Suite 600
      Houston, Texas 77017-5001
      (713) 230-2200 – Telephone
      (713) 643-6226 – Facsimile
      pidept@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On November 8, 2019, Plaintiff's counsel submitted the foregoing document with the clerk of court of the U.S. District Court for Northern District of Texas Amarillo Division, using the electronic case filing system of the court. Plaintiff's counsel certify that they served all counsel parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Kevin C. Haynes*
Kevin C. Haynes