## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **ALBERTO OVALLE,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | **NO. 2:18-cv-00211-D-BR** |
| **v.** | § | |
| | § | |
| **UNITED RENTALS** | § | |
| **(NORTH AMERICA), INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>JOINT PROPOSED JURY CHARGE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

 Pursuant to this Court's order, *see* Rec. Doc. 80, Plaintiff, Alberto Ovalle, files this Joint Proposed Jury Charge.

    Respectfully submitted,

    **WILLIAMS HART BOUNDAS EASTERBY, LLP**

    By: */s/ Cesar Tavares*
      CESAR TAVARES
      State Bar No. 24093726
      8441 Gulf Freeway, Suite 600
      Houston, Texas 77017-5001
      (713) 230-2200 – Telephone
      (713) 643-6226 – Facsimile
      pidept@whlaw.com

    **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with opposing counsel regarding the matters contained herein on February 26, 2021.

*/s/ Cesar Tavares*
Cesar Tavares

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing documents has been E-Served upon all counsel of record on this 26th day of February 2021.

*/s/ Cesar Tavares*
Cesar Tavares

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law is no respecter of persons, and all persons, including limited partnerships, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony

of the witnesses, including deposition witnesses, the exhibits admitted in the record, and the stipulated facts. The stipulated facts must be regarded as proven facts. The term "evidence" does not include anything that I have instructed you to disregard.

Evidence admitted before you for a limited purpose may not be considered for any purpose other than the limited purpose for which it was admitted.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did not adopt, the assertion is not evidence of that fact.

You are not bound by any opinion that you might think I have concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such

as by an eyewitness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness, you should consider the witness' relationship to a particular party; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness' testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is your

exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

During the trial, certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you insofar as possible in the same way, as if the witness had been present and had testified from the witness stand.

Deposition testimony can also be introduced for the purpose of impeaching or discrediting a witness. If, in the deposition, the witness made any statements in conflict with testimony the witness gave in court, you may consider such conflicts and any explanation therefor in determining the witness' credibility.

The plaintiff has the burden of proving each essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your

minds a belief that what is sought to be proved is more likely true than not true. To establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, including deposition witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential element of the plaintiffs claim by a preponderance of the evidence, the jury must find against the plaintiff. As used in this charge, the term "Ovalle" means Plaintiff Alberto Ovalle, and the term "United" means Defendant United Rentals (North America), Inc.

**Plaintiff's Version:**          OVALLE'S NEGLIGENCE CLAIM

Ovalle contends that United was negligent on the occasion in question in each of the following respects:

a. Not furnishing a reasonably safe place to work;

b. Not ensuring that the bay door was kept in a state where it would not allow rainwater to seep underneath the door;

c. Not repairing the bay door after being told that it was allowing water to seep underneath the bay door;

d. Using a painted concrete floor that was not slip resistant;

e. Not providing a clear supervisor;

f. Not providing adequate lighting for entry ways that were being utilized;

g. failing to furnish reasonably safe instrumentalities with which to work;

h. failing to provide or enforce safety policies and regulations regarding safe, adequate lighting and preventing slips from liquids on the floor;

i. failing to reasonably inspect the premises for concealed, unreasonably dangerous conditions and failing to warn of or make safe such conditions; and

j. failing to keep the premises in a reasonably safe condition.[1]

United denies that it was negligent in any of these respects.

"Negligence" means failure to use ordinary care, that is, failing to do that which an employer of ordinary prudence would have done under the same or similar circumstances or doing

---

[1] *Odom v. Kroger Tex., L.P.*, Civil Action No. 3:13-CV-0579-D, 2014 U.S. Dist. LEXIS 18682, at *19-20 (N.D. Tex. Feb. 14, 2014.) ("When an employee sues *qua* employee, because his employer has violated one of its continuous, non-delegable duties to the employee, he must satisfy the elements of ordinary negligence. In this second situation . . . the employee must pinpoint a specific act or omission that violated the employer's duty of ordinary care.") *See also* Jury Charge at 6-8, *Odom v. Kroger Tex., L.P.*, Civil Action No. 3:13-CV-0579-D, (No. 66) (attached.)

that which an employer of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by an employer of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an employer using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission by the plaintiff was the "sole proximate cause" of an occurrence, then no act or omission of the defendant could have been a proximate cause.

Under Texas law, an employer is not an insurer of its employees' safety at work, but an employer does have a continuous, non-delegable duty to use ordinary care in providing a safe work place. This overall duty includes the following specific duties: to hire competent co-employees, to train and supervise employees' activities, to provide safety regulations, to provide needed safety equipment or assistance, to warn employees of the hazards of their employment, and to furnish reasonably safe instrumentalities with which employees are to work.

An employer does not have a duty, however, to warn an employee of dangers that are commonly known or already appreciated by the employee.

To establish his negligence claim, Ovalle must prove each of the following essential elements by a preponderance of the evidence:

First, that United was negligent; and

Second, that such negligence was a proximate cause of the occurrence in question.

QUESTION NO. 1:

Did Ovalle prove that United was negligent in one or more of the respects alleged, and that such negligence proximately caused the occurrence in question?

Instruction: Ovalle has the burden of proof. If he has met his burden as to the essential element in question, answer "Yes;" otherwise, answer "No." Answer separately in each space below.

ANSWER:

|  | Negligence? | Proximate Cause? |
|---|---|---|
| (a) | _____ | _____ |
| (b) | _____ | _____ |
| (c) | _____ | _____ |
| (d) | _____ | _____ |
| (e) | _____ | _____ |
| (f) | _____ | _____ |
| (g) | _____ | _____ |
| (h) | _____ | _____ |
| (i) | _____ | _____ |
| (j) | _____ | _____ |

If you have answered Question No. 1 "Yes" in both the negligence and proximate cause spaces as to at least one ground of Ovalle's negligence claim, read the following instructions regarding damages and answer Question No. 2; otherwise, proceed to the instructions concerning jury deliberations.

**Defendant's Version**:

## QUESTION NO. 1:

Did the negligence, if any, of United Rentals proximately cause the occurrence in question?

> "Negligence", when it refers to an individual person, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

> "Negligence", when it refers to a business or company, means failure to use ordinary care, that is, failing to do that which a business of ordinary business prudence would have done under the same or similar circumstances, or doing that which a business of ordinary business prudence would not have done under the same or similar circumstances.

> "Ordinary care," when used with respect to the conduct of a business or company means that degree of care that would be used by a business of ordinary business prudence under the same or similar circumstances

> "Ordinary care," when used with respect to the conduct of an individual person means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

> "Proximate cause" means a cause that was a substantial factor in bringing about an occurrence/injury, and without which cause such occurrence/injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the occurrence/injury, or some similar occurrence/injury, might reasonably result therefrom. There may be more than one proximate cause of an injury, but if an act or omission of Plaintiff Albert Ovalle was the "sole proximate cause" of an injury, then no act or omission of Defendant United Rentals could have been a proximate cause.

> Under Texas law, an employer is not an insurer of its employees' safety at work, but an employer does have a continuous, non-delegable duty to use ordinary care in providing a safe work place, including to provide necessary equipment, training, or supervision.[2]

Answer "Yes" or "No":

_____

---

[2]   *Austin v. Kroger Tex. L.P.,* 465 S.W.3d 193, 215 (Tex. 2015).

GRANTED: _____

REFUSED: _____

MODIFIED: _____

_____

**JUDGE PRESIDING**

## QUESTION NO. 2:

**Did the negligence, if any, of United Rentals, proximately cause the occurrence in question?**

**With respect to the condition of the premises, United Rentals would be negligent only if you find that *all* of the following are true:**

    **a.  The condition of Plaintiff Ovalle's workplace posed an *unreasonable* risk of harm, *and***

    **b.  United Rentals knew or reasonably should have known of the *unreasonable* risk of harm, *and***

    **c.  The unreasonable risk of harm was not open and obvious, *and***

    **d.  The unreasonable risk of harm was not commonly known or already appreciated by Plaintiff Ovalle, *and***

    **e.  United Rentals failed to exercise *ordinary care* by both failing to adequately warn of a concealed unreasonably dangerous condition and failing to make the premises reasonably safe for Plaintiff Ovalle.[3]**

**"Negligence", when it refers to an individual person, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.**

**"Negligence", when it refers to a business or company, means failure to use ordinary care, that is, failing to do that which a business of ordinary business prudence would have done under the same or similar circumstances, or doing that which a business of ordinary business prudence would not have done under the same or similar circumstances.**

---

[3]  *Austin v. Kroger Tex. L.P.,* 465 S.W.3d 193, 201-202 (Tex. 2015);

"Ordinary care," when used with respect to the conduct of a business or company means that degree of care that would be used by a business of ordinary business prudence under the same or similar circumstances

"Ordinary care," when used with respect to the conduct of an individual person means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence/injury, and without which cause such occurrence/injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the occurrence/injury, or some similar occurrence/injury, might reasonably result therefrom. There may be more than one proximate cause of an injury, but if an act or omission of Plaintiff Albert Ovalle was the "sole proximate cause" of an injury, then no act or omission of Defendant United Rentals could have been a proximate cause.

Answer "Yes" or "No":
_____

GRANTED:   _____
REFUSED:   _____
MODIFIED:   _____

_____
**JUDGE PRESIDING**

<u>DAMAGES</u>

If **you answered "yes" to either Question #1 or #2 above,** then you must determine the amount, if any, of the damages to which he is entitled.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Ovalle should, or should not, win this case. It is your first task to decide whether United is liable. I am instructing you on damages only so that you will have guidance in the event you decide that United is liable and that Ovalle is entitled to recover damages.

If you find that United is liable to Ovalle, then you must determine an amount that is fair compensation for all of his damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole-that is, to compensate him for the damages he has suffered.

You may award compensatory damages only for injuries that Ovalle proves were proximately caused by United's allegedly unlawful conduct. The damages that you award must be fair compensation for all of his damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize United. You should not award compensatory damages for speculative injuries, but only for those injuries that Ovalle has actually suffered or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Ovalle prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of

damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for any bodily injury that Ovalle sustained and any physical pain and suffering and/or mental anguish that Ovalle experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Ovalle for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

You may award damages for aggravation of an existing disease or physical defect, or activation of any such latent condition, resulting from physical injury to Ovalle. If you find that there was such an aggravation, you should determine, if you can, what portion of Ovalle's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

If you find for Ovalle, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

If you find that Ovalle is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

An award of future damages necessarily requires that payment be made now for a loss that Ovalle will not actually suffer until some future date. If you find that Ovalle is entitled to future damages, then you must determine the present worth in dollars of such future damages. You must not make any adjustment to present value, however, for any damages you may award for physical pain and mental anguish that, in reasonable probability, will be sustained in the future.

You are instructed that any monetary recovery for the categories of damages listed below are not subject to federal income taxes.

QUESTION NO. 3:

What sum of money, if paid now in cash, would fairly and reasonably compensate Ovalle for the damages, if any, that resulted from the occurrence in question?

> Instruction: Ovalle has the burden of proof. Answer in dollars and cents, if any. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Ovalle.
>
> **Do not include any amount for any condition resulting from the failure, if any, of Plaintiff Albert Ovalle to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.**
>
> **Do not include any amount for any condition *not resulting from* the occurrence in question.**

**Plaintiff's Version:**

ANSWER:

A.      Physical pain and suffering sustained in the past:                          _____

B.      Physical pain and suffering that will, in all reasonable
        probability, be suffered in the future:                                     _____

C.      Physical impairment in the past:                                            _____

D.      Physical impairment which will, in all reasonable
        probability, be suffered in the future:                                     _____

E.      Mental anguish in the past:                                                 _____

F.      Mental anguish which will, in all reasonable
        probability, be suffered in the future:                                     _____

G.      Loss of earning capacity in the past:                                       _____

H.      <u>Loss of earning capacity that, in reasonable
        probability, will be sustained in the future:</u>         _____

**Defendant's Version:**

**Answer separately, in dollars and cents, for damages, if any.**

    **1. Physical pain and mental anguish sustained in the past.**

        **Answer:** _____

    **2. Physical pain and mental anguish that, in reasonable probability, Albert Ovalle will
    sustain in the future.**

        **Answer:** _____

    **3. Loss of earning capacity sustained in the past.**

        **Answer:** _____

    **4. Loss of earning capacity that, in reasonable probability, will be sustained in the future.**

        **Answer:** _____

    **5. Physical impairment sustained in the past.**

        **Answer:** _____

    **6. Physical impairment that, in reasonable probability, Albert Ovalle will sustain in the
    future.**

        **Answer:** _____

**GRANTED:**  **_____**
**REFUSED:**  _____
**MODIFIED:**  _____

                                        _____
                                       **JUDGE PRESIDING**

Jury Deliberations

The fact that I have given you in this charge instructions about a particular claim, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, win this case.

In order to return a verdict your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges-judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

After I finish reading this charge, you will retire to the jury room. I will send you the exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court

security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

_____                              _____
DATE                                                                         HON. JUDGE PRESIDING

The foregoing is the unanimous verdict of the jury.


_____          _____
       DATE                                        PRESIDING JUROR