IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | NO. 2:18-cv-00211-D-BR |
| v. | § | |
| | § | |
| UNITED RENTALS | § | |
| (NORTH AMERICA), INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF ALBERTO OVALLE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to this Court's order, *see* Rec. Doc. 18, Plaintiff, Alberto Ovalle, files this Motion in Limine. Under the authorities set forth below, Defendant must not be permitted to admit evidence of Plaintiff's prior medical records and/or conditions that are unrelated to the injury being claimed in this case, as such evidence is irrelevant, misleading, and confusing.

Therefore, Plaintiff humbly requests that this Court order: (i) the following matters are excluded from trial, (ii) Defendant's attorneys and any and all witnesses called for Defendant, must refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this motion; and (iii) the Defendant's attorneys must instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this motion in the presence of the jury, and (iv) if Defendant intends to raise these matters, it must first obtain permission from this Court outside the presence of the jury.

## II. ARGUMENT & AUTHORITIES

As a fundamental matter, "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Additionally, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Fifth Circuit jurisprudence uniformly holds that in a personal injury case, evidence regarding a party's medical conditions are only admissible if the medical condition has relevance to the alleged injury. For example, in *Reyes v. Wal-Mart Stores, Inc.*, the plaintiff filed a motion to exclude all medical records pre-dating her accident where she was injured in a Wal-Mart store. *Reyes v. Wal-Mart Stores, Inc.*, No. 98-3626, 1999 WL 562721 (E.D. La. Jul. 29, 1999). The defendant was seeking to introduce hundreds of pages of medical records "dealing with everything from fever to atrial fibulation." *Id.* The Court held that these records were "completely irrelevant" and ordered, "Defendants must exclude those pieces of evidence that do not relate to the kinds of injury alleged by the plaintiff in this case." *Id.*

In his deposition, Plaintiff was questioned extensively about a variety of medical conditions that preceded the incident made the basis of this claim, including prior diagnoses of and treatment for leukemia and throat cancer, a neck surgery (necessitated by the chemotherapy he received on his neck), a right shoulder surgery, arthritis in his hands, and his use of a CPAP machine for sleeping. See Exhibit A. None of these conditions have any bearing on or relation to the completely separate and independent lower back injuries Plaintiff suffered as a result of the incident made the basis of this suit. As a result, questions and evidence as to these conditions are irrelevant. Defendant has not and cannot provide any evidence to the contrary that would justify admitting this category of evidence. Admission of such evidence would also mislead the jury and confuse

the issues, as it would conflate unrelated conditions with the injuries that are actually being claiming in this suit. Therefore, this Court should exclude all evidence that directly pertains to these conditions, as well as any questions, arguments, or references regarding these conditions.

### III. CONCLUSION & PRAYER

WHEREFORE this Court should grant Plaintiff's Motion in Limine in full and prohibit Defendant in all circumstances from referencing or offering evidence on these matters without prior Court approval. Alternatively, the Court should grant this motion in part as to each addressed matter that the Court finds meritorious. Finally, Plaintiff asks for all other relief to which he may be entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Cesar Tavares*
    CESAR TAVARES
    State Bar No. 24093726
    8441 Gulf Freeway, Suite 600
    Houston, Texas 77017-5001
    (713) 230-2200 – Telephone
    (713) 643-6226 – Facsimile
    pidept@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel regarding the matters contained herein on February 26, 2021.

*/s/ Cesar Tavares*
Cesar Tavares

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing documents has been E-Served upon all counsel of record on this 26th day of February 2021.

*/s/ Cesar Tavares*
Cesar Tavares