IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | 2:18-cv-00211-Z-BR |
| V. | § | |
| | § | |
| UNITED RENTALS (NORTH | § | |
| AMERICA), INC., | § | JURY TRIAL |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Before the voir dire examination of the jury panel, Defendant, **UNITED RENTALS (NORTH AMERICA), INC.**, presents its Motion in Limine in accordance with the Court's Amended Scheduling Order (Document #80). Defendant wishes to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues of this case. If any party injects these matters in this case through a party, an attorney, or a witness, it will cause irreparable harm to Defendant's case, which no jury would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendant makes its Motion in Limine concerning the items below.

**I.   MOTION IN LIMINE**

**1.   Settlement Discussions**. Any evidence, statement, argument, reference, or suggestion that the parties have made, considered, or promised to accept, or will make, consider, or accept any offer to compromise or settle the claims involved in this action. The matter to be excluded by this paragraph includes the fact that settlement discussions have or have not taken place, the amounts

of any offers of settlement, as well as statements or conduct of any party in connection with settlement discussions. FRE 408.

**AGREED_____ GRANTED_____ DENIED_____**

2.      **Documents not in evidence.** Any evidence, statement, argument, reference, or suggestion regarding the contents of any document not then admitted into evidence by the Parties, except: (1) to establish the predicate for admissibility of that document, or (2) to impeach a witness then on the witness stand.

**AGREED_____ GRANTED_____ DENIED_____**

3.      **Wealth.** Any evidence, statement, argument, reference, or suggestion comparing the wealth of the parties, as well as any comment or reference regarding a party's representation by counsel at trial or the number of lawyers who are involved in a party's representations as an indication of that party's financial resources, wealth, or liability. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

4.      **Wealth**. Any mention, direct or indirect, Plaintiff Ovalle is under financial hardship. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

5.      **Costs of Defense**. Any evidence, statement, argument, reference, or suggestion regarding the costs or expenses incurred by Defendant in connection with the defense of this lawsuit. This

information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED**_____ **GRANTED**_____ **DENIED**_____

6. **Use of Documents and/or Exhibits**. Any use of or comment or reference to the contents of any animation, re-enactment, recreation, dramatization, photograph, video, document or exhibit during voir dire, opening statements, examination/cross-examination and publication to the jury testimony before such document or exhibit is admitted into evidence.

**AGREED**_____ **GRANTED**_____ **DENIED**_____

7. **Insurance**. Any evidence, statement, argument, reference, or suggestion regarding insurance coverage of any kind that Defendant has now or may have had at the time of the occurrence made the basis of this suit. Such questioning improperly interjects insurance into the case. FRE 411.

**AGREED**_____ **GRANTED**_____ **DENIED**_____

8. **Insurance**. Any interrogation of the venire panel or any individual potential juror as to any connection with the insurance industry or being self-insured because such questioning improperly interjects insurance into the case. If Plaintiff's counsel is interested in determining whether any such connection exists, he/she can do so by asking each individual potential juror about his or her current or past occupation and that of those in their household, which should be sufficient for Plaintiff's purposes without harming Defendant by injecting insurance into the case. Such questioning improperly interjects insurance into the case. FRE 411.

**AGREED**_____ **GRANTED**_____ **DENIED**_____

9. **Carlos Ortegon.** Any evidence, statement, argument, reference, or suggestion by lay witness Carlos Ortegon that Plaintiff's alleged injuries "hinder [his] ability to make a living and how he interacts with his loved ones,"[1] because such statements were made without personal knowledge, and Plaintiff has failed to introduce any evidence to support a finding Carlos Ortegon has personal knowledge to such matters. FRE 602.

AGREED_____ GRANTED_____ DENIED_____

10. **Carlos Ortegon.** Any evidence, statement, argument, reference, or suggestion by lay witness Carlos Ortegon that Plaintiff's incident was "a failure on everyone associated with the branch,"[2] because such statements were made without personal knowledge, and Plaintiff has failed to introduce any evidence to support a finding Carlos Ortegon has personal knowledge to such matters. FRE 602.

AGREED_____ GRANTED_____ DENIED_____

11. **Amarillo Family Physicians Clinic.** Any evidence, statement, argument, reference, or suggesting that a statement contained within a record of Plaintiff's oncology physicians referencing the cause of, or any contributing factors to the cause of Plaintiff's "foot drop" is a medical opinion of a doctor, until Plaintiff has established the necessary predicate and foundation as to whether that statement is a medical opinion, whether the Oncology doctor is qualified to render such an opinion regarding orthopedic medical issues, or simply a note about what Plaintiff alleged to his doctors. FRE 602, 701 and 702.

AGREED_____ GRANTED_____ DENIED_____

12. **Rainfall after the alleged March 28, 2017, Occurrence in Question.** Any evidence,

---

[1] See URI 00111.
[2] See URI 00111.

statement, reference, argument, or suggestion that rainfall occurred at or near the Defendant's location in Canyon, Texas *after* the date of the incident on March 28, 2017, because that information is wholly irrelevant to the issues in this case and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

13. **Undisclosed or unpled damages.** Any evidence, statement, argument, reference, or suggestion of damages claimed, whether economic, general, special or otherwise, which has not been timely disclosed, proven up and properly calculated prior to trial as the same would unfairly surprise and/or prejudice Defendant.

**AGREED_____ GRANTED_____ DENIED_____**

14. **Prior or ongoing lawsuits.** Any evidence, statement, argument, reference, or suggestion that Defendant may have been involved in any prior or ongoing lawsuits besides the current lawsuit, including specific settlements reached or verdicts rendered. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

15. **Other incidents/accidents.** Any evidence, statement, argument, reference, or suggestion of any other incidents, accidents, or disciplinary actions involving Defendant, outside of the scope of the incident in question. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

16. **Defendant's Corporate Status**. Any evidence, statement, argument, reference, or suggestion Defendant's corporate status as "foreign," "alien," or an out of state corporation or any other similar comment in an attempt to draw upon any prejudices towards Defendant. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED**_____    **GRANTED**_____    **DENIED**_____

17. **Company responsibility.** Any evidence, statement, argument, reference, or suggestion from a lay witness, including, Plaintiff's witnesses/relatives Irma Alonso and Robert Alonso, or any medical expert, regarding whether they believe Defendant should take responsibility for its actions, or lack thereof. The probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 403. Further, such information, unless properly established by evidence, is not based on personal knowledge and is not admissible. FRE 602.

**AGREED**_____    **GRANTED**_____    **DENIED**_____

18. **Expert Reports.** Any report(s) prepared by an expert in this case, as any such report constitutes inadmissible hearsay, unless offered for purposes of impeachment. FRE 801, 802.

**AGREED**_____    **GRANTED**_____    **DENIED**_____

19. **Damages based on emotion**. Any argument, comment or reference by counsel for other parties, implying or suggesting that the jury or venire should attempt to "send a message," "set the safety standards in Texas" or any other such language which is calculated to have the jury assess the damages based upon an emotional response rather than the evidence and the Court's charge. The probative value of such statements and/or questioning is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 403.

**AGREED_____ GRANTED_____ DENIED_____**

20. **Defendant's Attorneys.** Any comment or reference regarding Fee, Smith, Sharp & Vitullo, L.L.P. as being a "defense firm" or "insurance firm." This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

21. **Defendant's non-subscriber status or the existence of an Injury Benefit Plan.** Any evidence, statement, argument, reference, or suggestion to whether Defendant United Rentals had statutory workers' compensation insurance covering Plaintiff, or why Defendants were not a subscriber to the Texas Workers' compensation Act at the time of the alleged incident involved in this litigation. Also, any reference to or evidence of any Injury Benefit Plan that relates to Plaintiff Ovalle. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

22. **Defendant's payment of Plaintiff's past medical expenses.** Any evidence, statement, argument, reference, or suggestion Defendant paid Plaintiff's past medical expenses, or provided any financial support to Plaintiff for payment of his medical bills. This information is irrelevant to any claim or defense, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

**AGREED_____ GRANTED_____ DENIED_____**

23. **Rules, regulations, and standards.** Any evidence, statement, argument, reference, or suggestion any rules, regulations, or standards applicable to any organization or promulgated by any organization unless such rules, regulation or standards were timely disclosed in discovery and without a showing in the evidence that such matters would be applicable to the facts and circumstances involved in this case, and without first establishing the proper predication through a qualified expert witness. FRE 701.

**AGREED_____   GRANTED_____   DENIED_____**

24. **Statutory, regulatory, and/or safety violations**. Any evidence, statement, argument, reference, or suggestion regarding any statutory, regulatory and/or safety policy violation allegedly committed by Defendant, regardless of when they occurred, unless and until the offering party first establishes, outside the presence of the jury, that such alleged violations are the direct or proximate cause of the incident; otherwise, alleged violations that lack the requisite causal connection to the incident and are irrelevant and highly prejudicial. FRE 401, 403.

**AGREED_____   GRANTED_____   DENIED_____**

25. **Occupational Safety and Health Administration ("OSHA").** Any evidence, statement, argument, reference, or suggestion Defendant violated any OSHA regulations at the building where the incident occurred or any evidence, statement, argument, reference, or suggestion that Defendant breached a standard of care by allegedly violating an OSHA Regulation. There is no evidence of any OSHA investigation or violations, and Plaintiff's own expert, Jason English, admits to same. An OSHA violation does not create a presumption of negligence or relieve the plaintiff from proving each element of his negligence claim. Importantly, OSHA regulations do not establish negligence per se, and OSHA regulations do not create a separate cause of action. Accordingly, any OSHA standards are irrelevant to any claim or defense, and the probative value of such evidence is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 401, 402, 403.

 **AGREED_____   GRANTED_____   DENIED_____**

26. **Nonsubscriber and One-Percent Rule.** That Plaintiff, his attorney, Plaintiff's experts and Plaintiff's witnesses be precluded from mentioning, alluding to, or explaining that this is a nonsubscriber case or the implications of any "One-Percent Rule" as it is not a matter to be heard by the jury and is misleading to the jury.

 **AGREED_____   GRANTED_____   DENIED_____**

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

*/S/ JEFF C. WRIGHT*

**JEFF C. WRIGHT**
State Bar No. 24008306
**RYAN T. FUNDERBURG**
State Bar No. 24101776
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile
jwright@feesmith.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing document has been E-served upon all counsel of record on this the 26th day of February, 2021.

*/s/ Jeff C. Wright*

**JEFF C. WRIGHT**