IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | 2:18-cv-00211-D-BR |
| V. | § | |
| | § | |
| UNITED RENTALS (NORTH AMERICA), INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S POSITIONS REGARDING DISPUTED PORTIONS OF JOINT PROPOSED JURY CHARGE**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Scheduling Order [Dkt. # 80], Defendant UNITED RENTALS (NORTH AMERICA), INC., files this, its Brief in Support of its Positions Regarding Disputed Portions of the Joint Proposed Jury Charge. In support of same, Defendant shows the Court as follows.

1.   **The Court must include a premise liability instruction in the proposed jury charge.**

In Plaintiff's version of the proposed jury charge, as well as his most recent Complaint, he sets forth contentions which are, undeniably, founded in premise liability. Specifically, Plaintiff's contentions involve two types of claims[1]: the premise liability claim, and the "safe workplace" type claim.[2] These two types of claims are distinguishable.[3] Plaintiff alleges Defendant failed to keep the premises in a reasonably safe condition, and failed to adequately warn of or make safe

---

[1]   Although Defendant objects to the admission of any claims for "safe workplace" negligence claims because of the facts surrounding the claim in question.

[2]   *Pikulin v. Asarco, LLV*, No. 2:18-CV-4-D, 2018 U.S. Dist. LEXIS 22259, at *8 (N. D. Tex. – Amarillo, Nov. 5, 2018).

[3]   *Id.*

"dangers or conditions of which Defendant had actual or constructive knowledge."[4] These allegations are clearly founded in premise liability, and these allegations involve different duties and different elements for each.[5] By engulfing all of Plaintiff's contentions into a claim of simple "safe workplace" negligence, Defendant will be unfairly prejudiced in that the required elements to prove Plaintiff's allegations of premise liability will not be presented to the jury. Accordingly, a question of premise liability must be included in the jury charge.

2.  **Plaintiff's "Contentions" should be removed from the jury charge, and the definitions of an employer's duty should comply with Texas law.**

Defendant challenges the language and specific duties allegedly owed by Defendant as set forth by Plaintiff on pages 7-8 in the Joint Proposed Jury Charge. Specifically, Plaintiff's version of Question 1 of the Jury Charge states that an employer's non-delegable duty in providing a safe work place includes "to hire competent co-employees, to train and supervise employees' activities, to provide safety regulations, to provide needed safety equipment or assistance, to warn employees of the hazards of their employment, and to furnish reasonably safe instrumentalities with which employees are to work." Rather, the Texas Supreme Court establishes the additional duties owed by an employer to its employee are to "provide necessary equipment, training, or supervision."[6] Of course, ultimately, whether a duty exists in a negligence case is a question of law for the Court to decide from the facts and evidence surrounding the occurrence in question.

Plaintiff sets forth 10 contentions of negligence, each with their own blank, allowing the jury "10 bites at the apple". These contentions are misleading and improper. Further, in the definitions portion of Question 1, Plaintiff lists non-delegable duties outside of the scope of the Texas

---

[4]   See Joint Proposed Jury Charge, Page 7.
[5]   *Id.* at **8-9.
[6]   *Austin v. Kroger, Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).

Supreme Court's duties to "provide necessary equipment, training, and supervision..[7] Accordingly, Plaintiff's specific contentions should be removed, and the language and definitions set forth in the jury charge should be limited to the duties as set forth in *Austin v. Kroger,* and/or as determined by the Court the facts and evidence in this case.

3. **The jury charge should not include a negligence instruction for "safe workplace" type claims.**

As discussed above, Plaintiff's contentions involve two types of claims: the premise liability claim, and the "safe workplace" type claim.[8] "Whether a duty exist in a negligence case is a question of law for the court to decide from the facts surrounding the occurrence in question."[9] Based on alleged facts of the incident, the disputed negligence of Defendant falls solely under the theory of premises liability. As consistently set forth in Texas law, if an invitee is injured by some condition on the premises, and not by some ongoing activity, then the claim are found exclusively in premises liability.[10] In other words, "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability."[11] As previously discussed, however, the Texas Supreme Court created additional duties in the employer-employee context: "a duty to provide necessary equipment, training, and supervision."[12] Given the evidence and testimony in this case, these duties do not apply and Plaintiff's claims fall exclusively under premises liability.

---

[7]   *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 480 (Tex. App. Houston [1st Dist.] no pet.).
[8]   *Pikulin v. Asarco, LLV*, No. 2:18-CV-4-D, 2018 U.S. Dist. LEXIS 22259, at *8 (N. D. Tex. – Amarillo, Nov. 5, 2018).
[9]   *Id.* at *9 (citing *Austin v. Kroger Tex. L.P.*, 864 F.3d 326, 331 (5th Cir. 2017)).
[10]  *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)
[11]  *Austin*, 465 S.W.3d at 215.
[12]  *Id.*

Based on Plaintiff's own testimony, age, experience, and the evidence in the record, Defendant has no duty to train and supervise Plaintiff in his position and his assigned duties.[13] Further, Plaintiff's own testimony, age, experience, and evidence in the record establish Defendant had no duty to provide any additional instrumentalities which were already provided to Plaintiff to allow him to safely complete his work—namely, the squeegee he has admittedly successfully used on other occasions for events just like the incident in question.[14]

As discussed, this decision is the Court's discretion. But, given the facts surrounding the incident, Defendant argues no duty outside of that required under a premise liability claim is applicable in this matter, and should not be presented to the jury.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

*/S/ JEFF C. WRIGHT*

**JEFF C. WRIGHT**
State Bar No. 24008306
**RYAN T. FUNDERBURG**
State Bar No. 24101776
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile
jwright@feesmith.com

**ATTORNEYS FOR DEFENDANT**

---

[13] *Mendoza v. PGT Trucking, Inc.,* No. 1:18-CV-432-LY-ML, 2020 U.S. Dist. LEXIS 69462, at *9 (W.D. Tex. Jan. 27, 2020) ("Texas courts have continually upheld the legal principle that an employer has no duty to warn, instruct, or train an employee already experienced with respect to the work assigned.").

[14] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006) (an employer "owes no duty to provide equipment or assistance that is unnecessary to the job's performance.").

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing document has been E-served upon all counsel of record on this the 26th day of February, 2021.

*/s/ Jeff C. Wright*

**JEFF C. WRIGHT**