IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § § | |
|     *Plaintiff*, | § § | CIVIL ACTION<br>2:18-cv-00211-D-BR |
| V. | § § | |
| UNITED RENTALS (NORTH AMERICA), INC., | § § § | JURY TRIAL |
|     *Defendant*. | § | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY

Pursuant to the Court's Scheduling Order [Dkt. #80], Defendant United Rentals (North America), Inc., files this, its objections to Plaintiff's designation of deposition testimony. Further, in accordance with the Court's Scheduling Order [Dkt. #80], Paragraph 7, counsel for both parties will continue to confer and make reasonable efforts to agree on admissibility of the parties' deposition designations.

### DEFENDANT'S OBJECTIONS

1. **Michael Karabanoff**

| Page:Line | To | Page:Line | Objection | Ruling |
|---|---|---|---|---|
| 12:10 | | 12:15 | Irrelevant | |
| 30:4 | | 30:12 | Irrelevant– Questions about the process of reporting claims to OSHA is irrelevant | |
| 30:18 | | 31:13 | Irrelevant – Questions about the process of reporting claims to OSHA is irrelevant | |
| 51:9 | | 51:14 | Optional completeness – to add lines 51:13-14 | |

|  |  |  |  |  |
|---|---|---|---|---|
| 59:13 |  | 59:18 | Assumes facts not in evidence; lacks foundation |  |
| 76:9 |  | 76:12 | Assumes facts not in evidence; lacks foundation |  |
| 77:11 |  | 78:16 | Assumes facts not in evidence; vague, lacks foundation |  |
| 79:9 |  | 80:3 | Assumes facts not in evidence; vague, lacks foundation |  |
| 81:8 |  | 82:18 | Assumes facts not in evidence; vague, lacks foundation |  |
| 84:18 |  | 84:21 | Assumes facts not in evidence; vague, lacks foundation |  |
| 85:7 |  | 85:14 | Assumes facts not in evidence; vague, lacks foundation |  |
| 85:19 |  | 86:4 | Assumes facts not in evidence; vague, lacks foundation |  |
| 89:7 |  | 91:7 | Assumes facts not in evidence; vague, lacks foundation |  |
| 91:12 |  | 92:11 | Assumes facts not in evidence; vague, lacks foundation |  |
| 103:1 |  | 103:13 | Irrelevant (referring to post-accident handling or disposal of documents); lacks foundation, as there is no spoliation claim |  |
| 107:25 |  | 108:7 | Irrelevant (referring to post-accident handling or disposal of documents); lacks foundation, as there is no spoliation claim |  |
| 109:19 |  | 109:25 | Irrelevant (referring to post-accident handling or disposal of documents); lacks foundation, as there is no spoliation claim |  |

| | | | | |
|---|---|---|---|---|
| 110:25 | | 111:3 | Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence; lacks foundation | |
| 111:6 | | 111:9 | Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence; lacks foundation | |
| 113:21 | | 113:23 | Assumes facts not in evidence ("…the morning he was hurt"); prejudicial - mischaracterizes and misrepresents the testimony and evidence; lacks foundation | |
| 119:9 | | 120:18 | Vague and misleading; Rule of Optional completeness – to add lines 118:18 – 119:8 | |
| 125:14 | | 125:21 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 126:3 | | 126:10 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 127:16 | | 127:20 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 127:21 | | 128:5 | Vague and misleading as to "it" which seemingly may be a reference to the prior question which is objected to as inadmissible hearsay | |

|  |  |  | FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
|---|---|---|---|---|
| 129:13 |  | 129:20 | Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 130:5 |  | 130:9 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 131:10 |  | 131:15 | Inadmissible hearsay FRE 801, 802 |  |
| 133:9 |  | 133:16 | Inadmissible hearsay FRE 801, 802; Vague as to who "he" is meant to reference; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 134:2 |  | 134:9 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 144:24 |  | 145:8 | Inadmissible hearsay FRE 801, 802; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 147:20 |  | 147:22 | Vague and misleading; Rule of Optional completeness – to add lines from the testimony at 146:12 – 147:19 that immediately preceded |  |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | plaintiff's designated depo testimony |  |
| 149:12 |  | 150:2 | Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence presented by Plaintiff attorney's question at p.149, line 2 where the attorney qualifies his questioning by asking the witness to assume that Plaintiff reported rainwater getting into the bay prior to the occurrence in question; As such, Defendant objects and requests additional testimony to be designated under the Rule of Optional completeness – to add lines from the testimony at 149:2 – 149:6 that immediately preceded plaintiff's designated depo testimony |  |
| 160:24 |  | 161:2 | Question is vague and misleading as to "to correct that problem" as "the problem" is not identified in the question, such that any answer to this question is misleading and prejudicial; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 162:18 |  | 162:20 | Inadmissible hearsay FRE 801, 802 |  |
| 162:21 |  | 162:23 | Inadmissible hearsay FRE 801, 802 |  |
| 162:24 |  | 162:25 | Vague and irrelevant, lacks foundation, since the prior testimony is objected to and is inadmissible hearsay |  |
| 177:12 |  | 177:15 | Duplicative and harassing |  |

|  |  |  | as the question has already been asked and answered; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the prior testimony and evidence |  |
|---|---|---|---|---|
| 177:16 |  | 178:8 | Duplicative and harassing as the question has already been asked and answered as to what tools and equipment Defendant had provided to Plaintiff to remedy slip and falls on water or other liquids in the work bay; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the prior testimony and evidence |  |
| 182:16 |  | 182:18 | Overly broad and vague in its question to a lay witness as to whether Plaintiff "is hurt;" Irrelevant as worded since whether Plaintiff "is hurt" is not tied to the occurrence in question; Lack of foundation, improperly seeking an expert medical opinion about whether Plaintiff is hurt from a non-expert witness; speculation |  |
| 182:25 |  | 183:3 | Overly broad and vague in its question to a lay witness as to whether Plaintiff "was seriously hurt;" Irrelevant as worded since whether Plaintiff "was seriously hurt" is not tied to the occurrence in question; Lack of foundation, improperly seeking an expert medical opinion |  |

| | | | | |
|---|---|---|---|---|
| | | | about whether Plaintiff "was seriously hurt" from a non-expert witness; speculation | |

2. **Dr. Bret Dwain Errington**

| Page:Line | To | Page:Line | Objection | Ruling |
|---|---|---|---|---|
| 24:23 | | 25:5 | Inadmissible hearsay FRE 801, 802 | |
| 25:6 | | 25:10 | Inadmissible hearsay FRE 801, 802; Speculation | |
| 26:23 | | 27:1 | vague, lacks foundation, speculation | |
| 35:16 | | 35:22 | Overly broad and vague; lacks foundation, speculation; lack of personal knowledge FRE 602 | |
| 41:3 | | 41:10 | Overly broad and vague; lacks foundation, speculation; lack of personal knowledge FRE 602 | |
| 45:5 (beginning with "His appointment…") | | 45:7 (ending with "seen earlier…") | Improper entry of insurance FRE 411; prejudicial | |
| 46:6 | | 46:13 | Lack of personal knowledge 602; Inadmissible hearsay FRE 801, 802; speculation | |
| 49:2 | | 49:6 | lacks foundation required under Rule 702 | |
| 50:15 | | 50:19 | Overly broad and vague; lacks foundation, speculation; lack of personal knowledge FRE 602 | |

3. **Arturo Silva**

| Page:Line | To | Page:Line | Objection | Ruling |
|---|---|---|---|---|
| 9:14 | | 9:17 | Irrelevant | |
| 10:8 | | 10:13 | Irrelevant | |
| 10:24 | | 11:4 | Assumes facts not in evidence; prejudicial - | |

|  |  |  | mischaracterizes and misrepresents the testimony and evidence; lacks personal knowledge 602 |  |
|---|---|---|---|---|
| 12:10 |  | 12:13 | Improper compound question – counsel is asking two questions which should be answered separately; misleading |  |
| 13:14 |  | 13:17 | Overly broad and vague; speculation; duplicative and harassing |  |
| 14:14 |  | 14:23 | Inadmissible hearsay FRE 801, 802; lack of personal knowledge FRE 602; vague and misleading; prejudicial |  |
| 15:20 |  | 16:2 | Inadmissible hearsay FRE 801, 802; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 17:1 |  | 17:4 | Optional Completeness; incomplete testimony; asked and answered; lack of personal knowledge FRE 602; vague and misleading |  |
| 18:18 |  | 18:23 | Defendant objects and requests additional testimony to be designated under the Rule of Optional completeness – to add lines from testimony at 18:24 – 18:25 that complete the line of questioning |  |
| 19:7 |  | 19:9 | Misleading; mischaracterizes testimony by use of the language "it should have something…" |  |
| 19:13 |  | 19:15 | Misleading; mischaracterizes testimony by use of the language "it should have something…" |  |
| 20:18 |  | 20:20 | Speculation; vague and |  |

| | | | | |
|---|---|---|---|---|
| | | | misleading; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 22:3 | | 22:15 | Fails to identify the photograph being looked at by deponent and counsel; prejudicial through counsel's statement "tell me where this gravel is because I'm not really seeing it.") | |
| 25:22 | | 25:25 | Lack of personal knowledge FRE 602; Assumes facts not in evidence; lacks foundation | |
| 28:21 | | 29:1 | Inadmissible hearsay FRE 801, 802; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 29:8 | | 29:11 | Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 31:9 | | 31:12 | Asked and answered; harassment | |
| 31:14 | | 31:22 | Asked and answered; harassment; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 31:23 | | 32:2 | Irrelevant; prejudicial | |
| 32:3 | | 32:6 | Asked and answered; harassment; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 35:13 | | 35:15 | Mischaracterizes testimony; assumes facts not in | |

| | | | | |
|---|---|---|---|---|
| | | | evidence. | |
| 36:15 | | 36:20 | Misleading; speculation; vague | |
| 37:5 | | 37:9 | Speculation; Assumes facts not in evidence | |
| 39:21 | | 40:2 | Asked and answered; harassment | |
| 40:3 | | 40:10 | Speculation; misleading; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 40:11 | | 41:14 | Speculation; misleading; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence | |
| 43:3 | | 43:9 | Asked and answered; harassment | |
| 46:4 | | 46:5 | Overly broad and vague in its question to a lay witness as to whether Plaintiff was "in pain"; Irrelevant as worded since whether Plaintiff was "in pain" is not tied to the occurrence in question; Lack of foundation, improperly seeking an expert medical opinion about whether Plaintiff was "in pain" from a non-expert witness; speculation | |
| 47:17 | | 48:6 | Irrelevant; vague and misleading | |
| 48:7 | | 48:11 | Overly broad and vague in its question to a lay witness as to whether Plaintiff was "in a lot of pain"; Irrelevant as worded since whether Plaintiff was "in a lot of pain" is not tied to the | |

|  |  |  | | |
|---|---|---|---|---|
|  |  |  | occurrence in question; Lack of foundation, improperly seeking an expert medical opinion about whether Plaintiff was "in a lot of pain" from a non-expert witness; speculation |  |
| 48:23 |  | 49:2 | Inadmissible hearsay FRE 801, 802; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 50:2 |  | 50:4 | Inadmissible hearsay FRE 801, 802; lack of personal knowledge FRE 602; Assumes facts not in evidence; prejudicial - mischaracterizes and misrepresents the testimony and evidence |  |
| 52:19 |  | 52:23 | Inadmissible hearsay FRE 801, 802; Lack of foundation, improperly seeking an expert medical opinion about whether Plaintiff was "continuing to have pain" from a non-expert witness; speculation |  |
| 56:8 |  | 56:15 | Inadmissible hearsay FRE 801, 802; Lack of foundation; speculation; vague |  |
| 57:3 |  | 57:6 | Asked and answered; harassment |  |

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

*/S/ JEFF C. WRIGHT*

**JEFF C. WRIGHT**
State Bar No. 24008306
**RYAN T. FUNDERBURG**
State Bar No. 24101776
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile
jwright@feesmith.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document has been E-served upon all counsel of record on this the 26th day of February, 2021.

*/s/ JEFF C. WRIGHT*

**JEFF C. WRIGHT**