IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | NO. 2:18-cv-00211-D-BR |
| v. | § | |
| | § | |
| UNITED RENTALS | § | |
| (NORTH AMERICA), INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS PROPOSED JURY CHARGE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff's proposed jury charge is essentially copied from a case in this district that presented a very similar set of facts and tackled the exact issues presented in this case, *Odom v. Kroger Tex., L.P.*, Civil Action No. 3:13-CV-0579-D, 2014 U.S. Dist. LEXIS 18682 (N.D. Tex. Feb. 14, 2014) (Attached as Exhibit A.)  In that case, an individual working for Kroger was tasked with retrieving shopping carts from a parking lot that was iced over.  *Id.* at *2.  The co-manager that assigned him to perform the task knew that conditions were dangerous, and the employee alleged that he had not received the proper equipment or training to carry-out the task safely.  *Id.* He claimed that Kroger was negligent in at least three ways, by not providing appropriate equipment (proper footwear), by not creating appropriate policies and procedures to address the situation, and by hiring incompetent or careless employees who required the Plaintiff to work in the dangerous conditions.  *Id.*

Kroger argued that the case had to be considered a premises liability claim and that, under premises liability principles, Kroger had no duty to warn the employee of the known dangerous

conditions on the parking lot. *Id.* at *7. In other words, it could require the employee to work in the dangerous condition without safeguards and have no responsibility for the outcome.

Judge Fitzwater extensively analyzed the case law and concluded that there are three potential types of claims that can be asserted in a situation such as this, i.e., a premises liability claim, a claim for contemporaneous negligent activity by a property owner or occupier, and a claim based on the continuous non-delegable duties owed by an employer to its employee. *Id.* at *8-11. The third type of claim is based on the employer's duty to use ordinary care to provide the employee a safe place to work. *Id.* at *11. Although there is no exhaustive list, from the general duty, Texas courts have derived several specific duties, e.g., the duty to hire competent co-employees, to provide safety regulations, to provide needed safety equipment or assistance, to warn employees of the hazards of their employment, to supervise them, and to furnish reasonably safe instrumentalities with which employees are to work. *Id.*

An injured employee is allowed to frame his claims the context of these duties even if the claim could also be framed in the context of a premises liability claim. *Id* at *26. This prevents absurd results. Judge Fitzwater gave the example of requiring an employee to fight a fire without appropriate equipment or training rather than calling the fire department and then claiming when the employee was burned that the employee could not recover because he was aware of the danger and because the dangers of fire are commonly known. *Id.* at *32-33.

Allowing the Defendant in this case to limit Plaintiff to a premises liability claim would result in a similar absurd result. For example, in this case, Plaintiff alleges that he repeatedly told his employer that the bay door was in such a condition that it allowed water to seep in unnecessarily creating wet slippery conditions. Plaintiff alleges that the Defendants ignored the requests and let the danger persist. If Defendant can couch its responsibilities in terms of premises liability, even

if it carelessly ignored this risk, it could argue that it should not be held responsible because Plaintiff knew of the danger and appreciated the risk, a risk the Plaintiff actively attempted to get his employer to address. A risk his employer was required to address.

If Plaintiff can properly frame his claims in the context of Defendant's non-delegable duties, he can pursue those claims in that context. Plaintiff also has the right to pursue his claims in the context of premises liability. There is no requirement that a Plaintiff pursue every type of claim he is entitled to pursue.

In the charge, Plaintiff has pinpointed the specific acts and omissions that violated Defendant's duty of ordinary care. This is required. *Id.* at *19-20. ("When an employee sues *qua* employee, because his employer has violated one of its continuous, non-delegable duties to the employee, he must satisfy the elements of ordinary negligence. In this second situation, the employee need not prove the special elements of premises liability, but the employee must pinpoint a specific act or omission that violated the employer's duty of ordinary care.") This principle was incorporated into the jury charge in the *Odom* case, and that format was followed by Plaintiff in its proposed jury charge. *See* Jury Charge at 6-8, *Odom v. Kroger Tex., L.P.*, Civil Action No. 3:13-CV-0579-D, (No. 66.) (Attached hereto as Exhibit B.)

    Respectfully submitted,

    **WILLIAMS HART BOUNDAS EASTERBY, LLP**

    By: */s/ Cesar Tavares*
        CESAR TAVARES
        State Bar No. 24093726
        8441 Gulf Freeway, Suite 600
        Houston, Texas 77017-5001
        (713) 230-2200 – Telephone
        (713) 643-6226 – Facsimile
        pidept@whlaw.com

    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the above and foregoing documents has een E-Served upon all counsel of record on this 26th day of February 2021.

             */s/ Cesar Tavares*
             Cesar Tavares