NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERTO OVALLE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | 2:18-cv-00211-Z |
| V. | § | |
| | § | |
| UNITED RENTALS (NORTH AMERICA), INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S TRIAL BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Scheduling Order [Dkt. #80] and in addition to the pre-trial briefing that has already been submitted to the Court, Defendant **UNITED RENTALS (NORTH AMERICA), INC.**, files this Trial Brief, addressing issues Defendant anticipates will arise at trial.

**1. ISSUE: WHETHER DEFENDANT OWED PLAINTIFF OVALLE A DUTY UNDER EITHER ORDINARY NEGLIGENCE OR A PREMISES-LIABILITY THEORY OF NEGLIGENCE IS A QUESTION OF LAW FOR THE COURT TO DECIDE.**

In a typical premises-liability case, the owner owes invitees two duties: "a duty to keep the premises reasonably safe and a duty not to injure the invitee through contemporaneous negligent activity."[1] But, as here, when the landowner is an employer and invitee is also its employee, additional duties *may* arise, such as a duty to provide necessary equipment, training, or supervision, otherwise known as the "safe workplace".[2] Whether these duties exist, however, is a question of law for the court to decide from the facts surrounding the occurrence in question.[3]

---

[1] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).
[2] *Id.*; *Najera v. Recana Solutions, LLC,* No. 14-14-00332-CV, 2015 Tex. App. LEXIS 8748, at *20 (Tex. App. –Houston [14th Dist.] Aug. 20, 2015, no pet.) ([a]lthough an employer is not an insurer of its employees' safety, its duty is to use ordinary care to provide a safe workplace).
[3] *Pikulin v. Asarco, LLV*, No. 2:18-CV-4-D, 2018 U.S. Dist. LEXIS 22259, at *9 (N. D. Tex. –

An employer has a duty to use ordinary care in providing a safe workplace.[4] However, an employer is not an insurer of its employees' safety.[5] The Texas Supreme Court has held that an employer "owes no duty to warn of hazards that are commonly known or already appreciated by the employee."[6] Similarly, an employer has no duty to adopt safety rules where its business is neither complex nor hazardous or where the dangers incident to the work are obvious or are of common knowledge and fully understood by the employee.[7] Likewise, an employer's duty to instruct or train applies to an inexperienced employee, and not to an employee who is experienced in the work to which he is assigned.[8] Thus, the age and experience of the employee should be considered in measuring the duty of the employer.[9] Finally, "when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious."[10]

As a result of the Plaintiff Ovalle's alleged slip and fall in a puddle of water in his work bay at United Rentals, Plaintiff brings the following contentions against Defendant:

    a. Not furnishing a reasonably safe place to work;
    b. Not ensuring that the bay door was kept in a state where it would not allow rainwater to seep underneath the door;
    c. Not repairing the bay door after being told it was allowing water to seep underneath

---

Amarillo, Nov. 5, 2018).

[4] *Id.*
[5] *Elwood,* 197 S.W.3d at 794.
[6] *See Brookshire Grocery Co. v. Goss,* 262 S.W.3d 793, 794 (Tex. 2008) (holding employer owed no duty to employee injured while stepping over cart in store's cooler); *Jack in the Box, Inc. v. Skiles,* 221 S.W.3d 566, 568-69 (Tex. 2007)(holding employer owed no duty to employee injured while climbing over broken lift gate to unload truck); *Elwood,* 197 S.W.3d at 795 (holding employer owed no duty to employee injured when he placed his hand in car doorjamb while loading customer's groceries into car in sloped parking lot).
[7] *Nat'l Convenience Stores v. Matherne*, 987 S.W.2d 145, 149 (Tex. App. Houston [14th Dist.] 1999, no pet.)
[8] *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 661 (Tex. App.—Dallas 2005, pet. denied); *Allen*, 79 S.W.3d at 70; *Matherne*, 987 S.W.2d at 149.
[9] *Farley*, 529 S.W.2d at 754; *Patino*, 158 S.W.3d at 660; *Allen*, 79 S.W.3d at 70.
[10] *See Austin,* 465 S.W.3d at 214, quoting *Elwood*, 197 S.W.3d at 795.

   the bay door;
 d. Using a painted concrete floor that was not slip resistant;
 e. Not providing a clear supervisor;
 f. Not providing adequate lighting for entry ways that were being utilized;
 g. Failing to furnish reasonably safe instrumentalities with which to work;
 h. Failing to provide or enforce safety policies and regulations regarding safe, adequate lighting and preventing slips from liquids on the floor;
 i. Failing to reasonably inspect the premises for concealed, unreasonably dangerous conditions and failing to warn of or make safe such conditions; and
 j. Failing to keep the premises in a reasonably safe conditions.[11]

The contentions above can be itemized into two separate categories: (1) premises-liability, and (2) "safe workplace" theories of negligence.[12] Understanding this distinction should allow the Court to move forward with its analysis in determining whether a duty exists under either theory.

 Here, Plaintiff's above contentions, (b), (c), (d), (f), (i) and (j), are founded in premises liability—alleging defective and unreasonably dangerous conditions on the property. Whereas, Plaintiff's contentions (a), (e), (g), and (h) fall into the "safe workplace" category, including "a duty to provide necessary equipment, training, or supervision."[13] Given the alleged facts surrounding this incident, however, Defendant owed no duty to provide necessary equipment, training, or supervision with respect to the job task that Plaintiff was performing at the time of the alleged accident – walking in his work bay.

 b. **Defendant has no duty to provide Plaintiff with additional necessary equipment.**

 To succeed on a claim for failure to provide necessary equipment and instrumentalities, the employee must show that the employer failed to provide instrumentalities to the employee that were necessary for the safe performance of the employee's customary work.[14] But, if the employee

---

[11] *See* Parties Joint Proposed Jury Charge [Dkt. #81], at 8.
[12] *Pikulin v. Asarco, LLV*, No. 2:18-CV-4-D, 2018 U.S. Dist. LEXIS 22259, at *8 (N. D. Tex. – Amarillo, Nov. 5, 2018).
[13] *Id.* at **7-8 (quoting *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 480 (Tex. App. –Houston [1st Dist.] 2017, no pet.)).
[14] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 332 (5th Cir.2017).

is aware of the risks associated with the job's performance, the employer has no duty to adopt safety rules, and no duty to provide equipment if it is not necessary to the job performance.[15] Defendant contends that through the course of trial, Plaintiff will fail to present evidence that Defendant owed a duty to Plaintiff to provided necessary equipment and instrumentalities.

### c. Defendant has no duty to provide Plaintiff with additional training and supervision.

Under Texas law, while an employer has a duty to provide necessary training to its employees, an employer's duty to train, supervise, and instruct applies only to inexperienced employees, and not employees who are experienced in the work to which they are assigned.[16] Likewise, an employer has no duty to adopt safety rules where its business is neither complex nor hazardous, or where the dangers incident to the work are obvious or are of common knowledge and fully understood by the employee.[17] Defendant contends that through the course of trial, Plaintiff will fail to present evidence that Defendant owed a duty to Plaintiff for additional training and supervision in connection with the job task he was performing – walking in his work bay.

### d. Plaintiff's claims are for premises-liability, only.

The elements of a cause of action for premises liability brought by an invitee are as follows:

a. the plaintiff was an invitee on the defendant's premises;
b. the defendant was an owner or occupier of the subject premises
c. a condition on the premises posed an unreasonable risk of harm to the plaintiff;
d. the defendant knew or reasonably should have known of the danger posed by said condition;
e. the defendant breached its duty of ordinary care by failing to adequately warn the plaintiff of the condition, or by failing to make the condition reasonably safe; and
f. the defendant's breach proximately caused the plaintiff's alleged damages.[18]

---

[15] *Elwood,* 197 S.W.3d at 795.
[16] *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 661 (Tex. App. –Dallas 2005, pet. denied); *Najera,* No. 14-14-00332-CV, at *20 (a plaintiff must establish "a reasonably prudent employer would have provided supervision or training beyond that which was given."); *See See Matherne*, 987 S.W.2d at 149.
[17] *See Matherne*, 987 S.W.2d at 149; *Hendrick Med. Ctr.,* No. 11-06- 00145-CV, at *12.
[18] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex.1999); *Wal-Mart Stores v. Gonzalez*, 968

As stated most recently by the Texas Supreme Court in *Austin v. Kroger Texas, L.P.,* 465 S.W.3d 193 (Tex. 2015), "with two notable exceptions,[19] an employer's premises-liability duty to its employee includes only the duty to protect or warn the employee against concealed hazards of which the employer is aware, or reasonably should have been aware, but the employee is not."[20] But no duty is owed if the conditions are "open and obvious" to the employee.[21] Here, the remaining contentions identified above, (b), (c), (d), (f), (i) and (j), arise under premises-liability.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

*/S/ JEFF C. WRIGHT*

**JEFF C. WRIGHT**
State Bar No. 24008306
**RYAN T. FUNDERBURG**
State Bar No. 24101776
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile
jwright@feesmith.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing document has been E-served upon all counsel of record on this the 9th day of March, 2021.

*/s/ Jeff C. Wright*

**JEFF C. WRIGHT**

---

S.W.2d 934, 936 (Tex.1998).
[19] Neither exception applies, but those exceptions are the "criminal-activity exception," and the "necessary use exception."
[20] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201 (Tex. 2015).
[21] *Id.*