IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **ALBERTO OVALLE,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION** |
| | § | **NO. 2:18-cv-00211-D-BR** |
| v. | § § | |
| **UNITED RENTALS (NORTH AMERICA), INC.,** | § § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S TRIAL BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF ALBERTO OVALLE (hereinafter, "Plaintiff") and files this Trial Brief, pursuant to this Court's order. *See* Doc. 80.

### I.   INTRODUCTION

This case arises from an alleged workplace slip-and-fall incident involving Plaintiff while he was working as an employee of Defendant United Rentals (North America), Inc. (hereinafter, "Defendant"). Specifically, Plaintiff has alleged that in March 2017 he slipped and fell on wet flooring while working at a facility controlled by Defendant, causing severe and lasting injuries to his lower back. Plaintiff has asserted a claim of negligence against Defendant based on this incident.

### II.   FACTUAL ISSUES TO BE DETERMINED

A number of factual issues are disputed in this case, including the manner in which Plaintiff fell, the time he fell, and the date he fell. Plaintiff has alleged the following: 1) he slipped on water which had entered his work area after a bay door that was not properly weatherproofed allowed

rain to seep into the garage; 2) the floor was dangerously slippery when wet and should have been more slip resistant, and; 3) lighting in the work area was an issue. Also disputed is whether Mr. Ovalle had previously mentioned to his supervisor that water was seeping under the bay door.

With regard to damages, it is under dispute whether the injuries being claimed by Mr. Ovalle – namely, a back injury that required emergency surgery and resulted in drop foot – were caused by the incident or were pre-existing. There is also a dispute about the ongoing nature of Mr. Ovalle's injuries.

### III.   LEGAL ISSUES TO BE DETERMINED

The parties dispute whether Defendant, as Plaintiff's employer, owed Plaintiff a duty under the reasonable care requirement established by common law. It is Plaintiff's position that such a duty was so owed to Plaintiff given Defendant's status as Plaintiff's non-subscriber employer, and that as a result, Plaintiff is not limited to submitting his case at trial on premises liability grounds alone.

In considering this issue, it is critical the Court consider *Odom v. Kroger Tex., L.P.*, an especially instructive case which analyzed this exact issue. *Odom v. Kroger Tex., L.P.*, Civil Action No. 3:13-CV-0579-D, 2014 U.S. Dist. LEXIS 18682 (N.D. Tex. Feb. 14, 2014) (Attached as Exhibit A.) And notably, the underlying facts in *Odom* mirror those found in the present suit. Specifically, in *Odom* there was a Kroger employee tasked with retrieving shopping carts from a parking lot which had iced over. *Id.* at *2. The evidence showed the co-manager who had assigned this task to the employee knew the conditions were dangerous, and the employee alleged that he had not received the proper equipment or training to carry-out the task safely. *Id.* The employee alleged that Kroger was negligent in at least three ways: 1) by not providing appropriate training or equipment (including footwear); 2) by not creating appropriate policies and procedures to

address the situation, and; 3) by hiring incompetent or careless employees who required the Plaintiff to work in such dangerous conditions. *Id.*

Kroger argued that the case had to be considered a premises liability claim and that, under premises liability principles, Kroger had no duty to warn the employee of the known dangerous conditions on the parking lot. *Id.* at *7. In other words, it could require the employee to work in the dangerous condition without safeguards and have no responsibility for the outcome. Judge Fitzwater extensively analyzed the case law and concluded that there are three potential types of claims that can be asserted in a situation such as this, i.e., a premises liability claim, a claim for contemporaneous negligent activity by a property owner or occupier, and a claim based on the continuous non-delegable duties owed by an employer to its employee. *Id.* at *8-11. The third type of claim is based on the employer's duty to use ordinary care to provide the employee a safe place to work. *Id.* at *11. So although there is no exhaustive list, from the general duty, Texas courts have derived several specific duties, e.g., the duty to hire competent co-employees, to provide safety regulations, to provide needed safety equipment or assistance, to warn employees of the hazards of their employment, to supervise them, and to furnish reasonably safe instrumentalities with which employees are to work. *Id.*

An injured employee is allowed to frame his claims the context of these duties even if the claim could also be framed in the context of a premises liability claim. *Id* at *26. This prevents absurd results. Judge Fitzwater gave the example of requiring an employee to fight a fire without appropriate equipment or training rather than calling the fire department and then claiming when the employee was burned that the employee could not recover because he was aware of the danger and because the dangers of fire are commonly known. *Id.* at *32-33.

Allowing the Defendant in this case to limit Plaintiff to a premises liability claim would result in a similar absurd result. For example, in this case, Plaintiff alleges that he repeatedly told his employer that the bay door was in such a condition that it allowed water to seep in unnecessarily creating wet slippery conditions. Plaintiff alleges that the Defendants ignored the requests and let the danger persist. If Defendant can couch its responsibilities in terms of premises liability, even if it carelessly ignored this risk, it could argue that it should not be held responsible because Plaintiff knew of the danger and appreciated the risk, a risk the Plaintiff actively attempted to get his employer to address. A risk his employer was required to address.

Plaintiff intends to frame his claims in the context of Defendant's non-delegable duties, and providing evidence establishing he did not know about the dangerous condition involved in his injury.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, L.L.P.**

By: */s/ Cesar Tavares*
      CESAR TAVARES
      State Bar No. 24093726
      8441 Gulf Freeway, Suite 600
      Houston, Texas 77017-5001
      (713) 230-2200 – Telephone
      (713) 643-6226 – Facsimile
      pidept@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      On March 9, 2021, Plaintiff's counsel submitted the foregoing document with the clerk of court of the U.S. District Court for Northern District of Texas Amarillo Division, using the electronic case filing system of the court. Plaintiff's counsel certify that they served all counsel parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                         */s/ Cesar Tavares*
                                         Cesar Tavares